[3] It is further contended that the facts show the pistol was found pushed down between the seat of the car and the back cushion immediately in the rear of the steering wheel which would not amount to carrying "on or about the person." The authority of Wagner v. State, 80 Tex. Cr. R. 66, 188 S. W. 1001; Garrett v. State (Tex. Cr. App.) 25 S. W. 285; Mayfield v. State, 75 Tex. Cr. R. 103, 170 S. W. 308; Hill v. State, 50 Tex. Cr. R. 619, 100 S. W. 384; Roberson v. State, 88 Tex. Cr. R. 587, 228 S. W. 236; Leonard v. State, 56 Tex. Cr. R. 84, 119 S. W. 98; Emerson v. State, 80 Tex. Cr. R. 354, 190 S. W. 485, seem to have settled this proposition adversely to appellant's contention.

The judgment is affirmed.

---

### GRIFFIN v. STATE.    (No. 7580.)

(Court of Criminal Appeals of Texas.  May 7, 1924.)

**Criminal law ⚖️1070—Death of appellant abates appeal.**

Where death of appellant is made known to court by duly verified affidavit, appeal will be abated.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Lon Griffin was convicted of manslaughter, and he appeals. Appeal abated.

Martin, Oneal & Allred, of Wichita Falls, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for manslaughter; punishment fixed at confinement in the penitentiary for a period of five years.

The opinion heretofore rendered, affirming the judgment, is withdrawn.

The death of the appellant having been made known to this court by an affidavit duly verified, it is ordered that the appeal be abated.